**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHRISTOPHER M. STONE,**

    **Petitioner,**

                                  Case No. 2:18-cv-1408
                                  Judge George C. Smith
    v.                           Magistrate Judge Elizabeth P. Deavers

**STATE OF OHIO,**

    **Respondent.**

### *NUNC PRO TUNC* ORDER[1] and
### INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Christopher M. Stone, a Pennsylvania state inmate who is proceeding without the assistance of counsel, previously filed his Petition for Writ of Mandamus (ECF No. 1) but failed to pay the requisite **$350.00** filing fee or to file an application for leave to proceed *in forma pauperis*. The Court therefore issued an Order and Notice of Deficiency, advising Plaintiff of this deficiency and ordering him to submit the required filing fee or an application for leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff has now filed a motion for leave to proceed *in forma pauperis* (ECF No. 3), which is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the Complaint required by 28 U.S.C. § 1915(e), for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

---

[1] This *Nunc Pro Tunc* Order simply corrects a clerical error in the original Order (ECF No. 4 at 1) by changing the filing fee amount from $400 to $350. It has no impact on the deadline for Plaintiff to file objections, which remains **JANUARY 2, 2019**. (ECF No. 6.)

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

3

Petitioner, an inmate at SCI Fayette located in LaBelle, Pennsylvania, brings this mandamus action under the All Writs Act, 28 U.S.C. § 1641, seeking an order directing the "State of Ohio Courts," and specifically the Muskingum County Court of Common Pleas, to provide to Petitioner the following information:

> All Police reports that were compiled by the Muskingum County Sheriff's Department; All reports that were/are compliled [sic] by the Muskingum County Sheriff's Department Detective Bureau; All victim statements; All witness statements that were taken by the abovementioned Law Enforcement agency; all forensic evidence that was collected from the scene of the crime; all physical evidence that was collected from the scene of the crime; all photographs that were taken of the crime scene.

(ECF No. 1 at 1–2; *see also id*. at 3, 5.) Petitioner alleges that he has made "numerous attempts to obtain these items from the Muskingum County Court of Common Pleas ["state court"], Criminal Division at Case No. CR2010-0094." (*Id*. at 2.) Petitioner further alleges that he has filed motions or petitions in that case but the state court denied these requests with "no rational" [sic] provided even though he "made it known" to the state court that he needed this information because he "was trying to perfect an appeal[.]" (*Id*.) According to Petitioner, he has a constitutional right to access the courts "to present issues under the First, Fifth, and the Fourteenth Amendments[.]" (*Id*. at 2–3.)

To the extent Petitioner seeks an order compelling the state court to follow state law, his request is not well taken. 28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The plain language of the statute therefore applies only to officers or employees of the United States, not to state officials or employees. Accordingly, "federal courts may not compel state officials to follow state law." *Cochran v. Mun. Court of City of Barberton, Summit County*, 91 F. App'x 365, 366

(6th Cir. 2003); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties."). As a result, the Court lacks subject matter jurisdiction to issue a writ of mandamus as to the state court in this action. *See id.*; *see also Goldman v. Bridenstein*, No. 2:18-cv-143, 2018 WL 5773187, at *1 (W.D. Mich. Nov. 2, 2018) (concluding the court may not maintain jurisdiction over the petitioner's action under 28 U.S.C. § 1361 where the petitioner sought a writ of mandamus to compel a state court judge to decide his motion for reconsideration). In addition, the Court may dismiss an action as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, to the extent Petitioner seeks an order compelling the state court to follow state law, his request for a writ of mandamus lacks an arguable basis in law and should be dismissed with prejudice as frivolous. *Cotten v. Turner*, No. 3:13CV1760, 2013 WL 6198286, at *2 (N.D. Ohio Nov. 27, 2013) (dismissing with prejudice state inmate's mandamus action against state prison warden); *see also Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (affirming dismissal of inmate's request for mandamus relief).

In addition, to the extent that the Petition may be construed to seek injunctive relief because he asserts a claim under 42 U.S.C. § 1983 for denial of access of courts, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001), that claim is equally unavailing. Federal Rule of Civil Procedure 65(a) permits a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed. R. Civ. P. 65(a). "A preliminary injunction is an extraordinary remedy which

5

should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov*., 305 F.3d 566, 573 (6th Cir. 2002).

A district court considering the extraordinary remedy of a preliminary injunction must consider and balance the following four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Id*. (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)); *see also PGP, LLC v. TPII, LLC*, No. 17-6221, 2018 WL 2446702, at *2 (6th Cir. May 31, 2018) (same). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. However, "[a]lthough the four factors must be balanced, the demonstration of some irreparable injury is a sine qua non for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) (citations omitted); *see also Friendship Materials, Inc. v. Michigan Brick, Inc*., 679 F.2d 100, 105 (6th Cir. 1982) ("Several of the circuits which have recognized the 'balance of hardships' test have now made it clear that the plaintiff must always demonstrate some irreparable injury before a preliminary injunction may issue.").

Notably, the United States Court of Appeals for the Sixth Circuit has "never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief." *Friendship Materials, Inc*., 679 F.2d at 103. "Irreparable harm is an injury for which there is no adequate remedy at law, and for which damages would be impossible, difficult, or incomplete. *Premier Dealer Service, Inc. v. Allegiance Administrators, LLC*, No. 2:18-cv-735, 2018 WL 5801283, at *5 (S.D. Ohio Nov. 6, 2018) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507 (6th Cir. 1992)); *see also Lamb Enter., Inc. v. Kiroff*, 549 F.2d 1052,

6

1058 (6th Cir. 1977) ("The availability of adequate state court remedies is a critical factor in determining whether extraordinary injunctive relief should issue from the federal court."). Here, Petitioner has an adequate remedy at law: He may pursue his claims through the state court system. While he complains that the state court denied, with no rationale, his requests for information (ECF No. 1 at 2), he does not assert that he appealed the denial of his request through the state court system. (*See generally id.*) Because an adequate state court remedy exists, Petitioner cannot show irreparable injury, which is fatal to his claim for injunctive relief. *See Patio Enclosures, Inc.*, 39 F. App'x at 967; *Friendship Materials, Inc.*, 679 F.2d at 105.

## III.

For the reasons explained above, Plaintiff's Petition, to the extent it seeks an order compelling the state court to follow state law, his request for a writ of mandamus lacks an arguable basis in law and should be dismissed with prejudice as frivolous. To the extent he seeks an injunctive remedy because he asserts a claim under 42 U.S.C. § 1983, that his right of access to the courts was violated, Petitioner is not entitled to injunctive relief because he has an adequate remedy at law. It is therefore **RECOMMENDED** that Plaintiff's claims be dismissed. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  December 21, 2018  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE